1
2
3
4                          UNITED STATES DISTRICT COURT
5                               DISTRICT OF NEVADA
6                                      * * *
7    121 SOURCING & SUPPLY LLC                    Case No. 2:19-cv-01466-RFB
8                  Appellants,                              **ORDER**
9          v.
10   BANK OF NEW YORK MELLON, et al.
11                 Appellees.
12
13   **I.      INTRODUCTION**
14          This case was taken on appeal from the Bankruptcy Court on August 21, 2019. ECF 1.
15   Appellants filed their Opening Brief on October 1, 2019. ECF No. 6. Appellees filed their
16   Answering Brief on October 15, 2019. ECF No. 9. Appellants filed their Reply Brief on October
17   29, 2019. ECF No. 10. The Court held a hearing on the appeal on January 28, 2021.
18
19   **II.     BACKGROUND**
20          Appellee Bank of New York Mellon ("BNYM") is the holder of the first Deed of Trust
21   recorded against real property located at 5504 Riverwood Court, Las Vegas, Nevada 89147
22   ("Property") owned by Appellant 121 Sourcing & Supply, LLC ("121 Sourcing"). BNYM
23   recorded a Notice of Default on March 25, 2016 for failure to pay the monthly installment due on
24   July 1, 2008. BNYM also recorded a Notice of Recission on May 20, 2016 for the Notice of Default
25   recorded on March 25, 2016. The former owner of the Property, David Riggi, transferred title of
26   the Property to 121 Sourcing on December 27, 2018. 121 Sourcing also filed for bankruptcy on
27   that same date.
28          The case is an appeal from a final order of the United States Bankruptcy Court for the

1   District of Nevada issued on July 23, 2019, whereby the Bankruptcy Court denied Appellant 121
2   Sourcing's Plan of Reorganization (the "Plan") because it improperly attempted to extinguish
3   BNYM's lien pursuant to NRS § 106.240. Specifically, the Bankruptcy Court found that a plain
4   reading of NRS § 106.240 did not support 121 Sourcing's argument that the loan had been
5   accelerated on July 1, 2008 which is more than ten years prior to the bankruptcy petition, and
6   therefore the lien was extinguished. The Bankruptcy Court found that a plain reading of NRS §
7   106.240 only applies to loan documents for term setting the maturity date of the loan.

8

9   **III.   LEGAL STANDARD**

10          On appeal to the District Court, the Bankruptcy Court's conclusions of law are reviewed
11   *de novo*, and its factual findings are reviewed for clear error. In re Summers, 332 F.3d 1250, 1252
12   (9th Cir. 2003). Interpretation of statutes, and standing issues, are issues of law, which are reviewed
13   by the appellate court de novo. In re Mike Hammer Prod., Inc., 294 B.R. 752, 753 (9th Cir. B.A.P.
14   2003). The Court must accept the Bankruptcy Court's findings of fact "unless, upon review, the
15   court is left with the definite and firm conviction that a mistake has been committed by the
16   bankruptcy judge." In re Greene, 583 F.3d 614, 618 (9th Cir. 2009).

17

18   **IV.   DISCUSSION**

19          The Appellant 121 Sourcing challenges the Bankruptcy Court's ruling denying the Plan
20   Confirmation and asserts that the Bankruptcy Court abused its discretion and erred on the
21   application of NRS § 106.240. The Appellant also argues that the Bankruptcy Court erred in not
22   making a finding of fact regarding Appellee's argument that BNYM is entitled to equitable tolling
23   under NRS § 106.240. This Court remands the Bankruptcy Court's decision for the reasons below.

24          **a.   NRS § 106.240**

25          NRS § 106.240 states that a lien created by a recorded deed of trust "shall[,] at the
26   expiration of 10 years after the debt secured by the mortgage or deed of trust according to the terms
27   thereof or any recorded written extension thereof become wholly due, terminate, and it shall be
28   conclusively presumed that the debt has been regularly satisfied and the lien discharged." This

section "creates a conclusive presumption that a lien on real property is extinguished ten years after the debt becomes due," and it is not a statute of limitation.

Appellee BNYM asserts that NRS § 106. 240 does not apply to a loan that is accelerated due to a notice of default. This Court disagrees. Under NRS § 106.240, a deed of trust terminates ten years after the deed of trust is "wholly due" according to "the terms [of the debt] or any recorded written extension." NRS § 106.240. The statute does not define "wholly due" Id. The Nevada Supreme Court, however, has endorsed by implication the finding that acceleration of a note serves to make the full amount "wholly due." Recently, the Nevada Supreme Court affirmed a state district court's determination that the rescission of a notice of default effectively decelerated the loan, and therefore the loan was not presumed satisfied under NRS § 106.240. Glass v. Select Portfolio Servicing, Inc., No. 78325, 2020 WL 3604042 at * 2 (Nev. July 1, 2020).[1] In Glass the Nevada Supreme Court found the bank through the notice of recission decelerated the loan when it clearly stated in the recession that it "does herby rescind, cancel and withdraw the Notice of Default and Election to Sell." Id. at * 3.  This meant by implication that the notice of default effectively accelerated the loan, since there could be no deceleration if there had not been a previous acceleration. Based upon Glass, this Court finds that a Notice of Default accelerates a loan, making it wholly due under NRS § 106.240 and that a Notice of Recession can decelerate that same loan so long as the Recession expressly indicates that it is doing so. Id.  Here, when BNYM filed a Notice of Default on March 25, 2016 for failure to pay since July 1, 2008, it triggered the ten-year period under NRS § 106.240 and accelerated the loan.

Once a loan is accelerated it can be, as noted, decelerated with a notice of recission. Glass, 2020 WL 3604042 at *2-*3.; see also Bank of America N.A. v. Estrella III Homeowner's Association, No. 2:16-cv-02835-APG-DJA, 2020 WL 419004, at *3 (D. Nev. Jul. 21, 2020) (finding that a recission to a notice of default cancels the acceleration for the purposes of NRS § 106.240). Here BNYM unequivocally decelerated the loan when it filed a Notice of Recission on May 20, 2016. And while BNYM filed other notices of default with the identical failure to pay

---

[1] Appellant submitted supplemental authority, Glass v. Select Portfolio Servicing, Inc., No. 78325, 2020 WL 3604042 (Nev. July 1, 2020), a recent Nevada Supreme Court decision, that this Court finds provides sufficient persuasive authority to the instant appeal. See ECF No. 14.

date of July 1, 2008 after BYNYM's May 2016 Notice of Recission, the Court finds that this does not change the fact that the loan was clearly decelerated in accordance with <u>Glass</u>. As such, BNYM decelerated the loan, and it was not extinguished under NRS § 106.240. <u>See</u> <u>Glass</u>, 2020 WL 3604042, at *1.

The Court thus finds that the Bankruptcy Court ultimately reached the proper legal conclusion that the lien pursuant to the Deed of Trust had not been extinguished. (The Bankruptcy Court did not have the benefit of the Nevada Supreme Court's ruling in <u>Glass</u>.) This Court therefore affirms the Bankruptcy Court's ruling on other grounds as indicated in this order.[2]

## V.   CONCLUSION

**IT IS HEREBY ORDERED** that the Bankruptcy Court's Order is AFFIRMED, and this case is REMANDED back to the Bankruptcy Court for any further ruling or determinations consistent with this order. The Clerk of Court is ordered to close this case.

**DATED**: June 9, 2021

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

[2] Given this Court's determination regarding NRS 106.240's application and the fact that BNYM rescinded the loan, the Court does not need to address Appellant's argument regarding the Bankruptcy Court's failure to make findings of fact about Appellee's equitable tolling arguments.